NELSON SMITH et al. *v.* W. H. SHELTON.

**Trust Deeds — Effect of Foreclosure Sale on Junior Mortgagee.**
> A foreclosure sale under a prior trust deed cuts off any rights or interest depending upon a junior trust deed.[1]

**Same — Rights of Purchaser of Personalty.**
> Personal property sold in satisfaction of a prior trust deed cannot be followed into the hands of the purchaser's vendee by the holders of a junior trust deed.

Suit in replevin by W. H. Shelton against Nelson Smith. From a judgment of a justice of the peace dismissing his suit Shelton appeals to the Circuit Court where he obtained a judgment from which judgment Smith appeals. The facts briefly stated are as follows:

Henry Watson, the original owner of the mule for which the suit was brought, executed a deed of trust on the mule to Ira A. Cartwright. Afterward he executed another deed of trust in favor of Harsh & Company with W. H. Shelton as trustee. The trustee in the first deed of trust took possession of the mule and sold it under the trust deed and Cartwright became the purchaser. Watson then sued Cartwright in replevin for the mule, and Cartwright gave bond with Goodman as his surety, and kept the mule. Pending the suit, he sold it to Smith. At the time of the

---

[1]
Whether fraudulent in whole or in part, it could in no legal way have deterred bidders, for the reason that the purchaser under a senior mortgage sale takes to the exclusion of all junior incumbrances. Weir *v.* Jones, 84 Miss. 602.

Where the vendee of land, to secure the price, executes a mortgage thereon, a purchaser under foreclosure thereof will prevail as against any subsequent claim or charge imposed by the mortgagor. Bainbridge *v.* Woodburn, 52 Miss. 95.

The vendee of a trustee in a mortgage with power of sale will get the title as it stood when the mortgage was executed, unaffected by any subsequent incumbrances or liens. Brown *v.* Bartee, 10 S. & M. 268.

A trustee in a mortgage with power of sale, on default in the payment of the debt, may execute the power without the intervention of a court of equity, and a sale by him, made in accordance with the terms of the mortgage, is a perfect foreclosure, and a bar to the equity of redemption. Sims *v.* Hundly, 2 How. 896.

commencement of the suit the debt secured by the trust deed to Harsh & Company had not become due. The trial resulted in a judgment in favor of Watson for the possession of the mule, and Shelton, trustee in the second trust deed, then sued Smith in replevin. The mule in the meantime was killed by a railroad train before the return day of the writ. When the case reached the Circuit Court Shelton offered in evidence over objections a judgment obtained in the Circuit Court in a case entitled "Henry Watson *v.* I. A. & Chester Cartwright" wherein the plaintiff obtained judgment for the mule, and court here found in favor of the plaintiff Shelton, and gave judgment for the value of the mule. From this judgment this appeal was prosecuted.

APPEALED from Circuit Court, Sharkey county, RALPH NORTH, Judge.

Reversed and remanded, November 2, 1885.

*Attorneys for appellant, Miller, Smith & Hirsch.*

*Attorneys for appellee, S. M. Shelton.*

Brief of Miller, Smith & Hirsch:

It is inconceivable to us upon what idea the court proceeded in rendering judgment against the defendant, for it having been agreed that the mule was sold under Cartwright's prior deed of trust, the necessary inevitable effect was to cut off and destroy completely any right or interest depending upon a junior deed from the same quarter. The validity of the prior trust deed and the sale under it so far from being disputed was expressly admitted.

Who will deny that a sale under a trust deed has the same effect precisely as a sale under a decree of foreclosure upon a mortgage? or that such effect is not to destroy the interests depending upon subsequent incumbrances?

The court seems to have disregarded this idea and to have held that notwithstanding the foreclosure and sale under the prior deed the trustee in the second could still maintain a *personam* action for the property.

It is no reply to say that Henry Watson obtained a judgment for one mule or its value against I. A. & Chester Cartwright in 1884.

In the first place, there is no pretense of evidence that the mule involved in the two suits was the same.    *    *    *

Can Shelton say: Because my grantor Watson has obtained judgment against Cartwright, which may or may not have been satisfied as between them, therefore, I, as trustee in a junior deed of trust made by him, can maintain replevin against Cartwright's vendee? That this is a case of priority in law? Manifestly not, because in the first place his title was gone forever by reason of the sale under the prior deed. Second, because there can be no priority in a legal sense without the element of *neutrality*. A person who relies upon a judgment under this doctrine must be so situated that had the judgment been the other way *he* must have been bound equally. This is elementary.    *    *    *

There is another ground absolutely fatal to the judgment, and that is the want of evidence that any indebtedness was due from Watson to Harsh & Company, when this suit was brought.    *    *    *

Brief of S. M. Shelton:

Both Shelton and Smith were privities by purchase from the parties to that suit. Smith bought of Cartwright pending the suit; Shelton held under the deed from Watts. This was not a judgment *in personam* against Cartwright, but a judgment establishing Watts' right of possession, and the wrongful detention of the property on the part of Cartwright. It settled that the title of Cartwright under the trust sale was a nullity. It could not be opened and inquired into by Smith like a judgment *in personam* might be. Freeman on Judgments, § 165.

Cooper, C. J., delivered the opinion of the court:

We are led to believe that the record does not present this case as it was tried in the court below. The parties here have made admission as to certain matters of fact which were there proved but which do not appear in the bill of exceptions.

But aiding the record by the admissions made, the facts do not show a right in the plaintiff to recover. It appears that at some time not stated, one Watson, who executed the deed of trust under which the plaintiff claims, instituted a suit in replevin against Cartwright and in November, 1884, recovered a judgment against him for the possession of the mule in controversy. In March, 1882 (but whether this was before or after the commencement of the

above-named suit of Smith *v.* Cartwright is not shown), Cartwright bought the mule at a sale made by the trustee in a deed of trust executed by Watson, antedating the one under which Shelton claims. After this, he sold the mule to Smith.

It may be said that the title which Cartwright had when he sold to Smith was not involved in the suit of Watson *v.* Cartwright, for it may be that only the right of present possession was therein involved.

The judgment is reversed and the cause remanded.